**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, Southeast District,
Whitter, No. 12 C 00065

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>FLORENCIO GONZALEZ, et al.,<br><br>Defendants. | Case No. 2:12-cv-2132-ODW (AGRx)<br><br>**REMAND ORDER** |

The Court is in receipt of Defendants' Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Defendants claim that this Court has subject matter jurisdiction over this state-law

unlawful detainer action under federal question jurisdiction, 28 U.S.C. § 1331, because Defendants' demurrer raises a question of federal law under the Protecting Tenants at Foreclosure Act. 12 U.S.C. § 5220.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is settled law that a case may not be removed to federal court on the basis of a federal defense. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

There is no basis for federal question jurisdiction under 28 U.S.C. § 1331 for a claim of unlawful detainer. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011). And, although Defendants brought a demurrer in the state court action alleging a defense under the Protecting Tenants at Foreclosure Act (12 U.S.C. § 5220), this is insufficient for removal. Removal jurisdiction is based solely on the claims contained in a plaintiff's complaint—a defendant's counterclaims or defenses are irrelevant. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

Accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 5, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE